[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12316
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00558-WSD-RGV-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCISCO DUARTE-CUAUTLE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 16, 2011)

Before TJOFLAT, EDMONDSON and CARNES, Circuit Judges.

PER CURIAM:

Francisco Duarte-Cuautle appeals his 37-month sentence imposed for illegally re-entering the United States after having been deported, 8 U.S.C. § 1326(a). No reversible error has been shown; we affirm.

On appeal, Duarte-Cuautle argues that his sentence substantively is unreasonable based on a 16-level enhancement in his guidelines range for a 10-year-old robbery conviction.[*] Because of the age and non-violent nature of the offense, Duarte-Cuautle says that his case justified a sentence below the guidelines range. We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007).

The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Briefly stated, under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant,

---

[*]See U.S.S.G. § 2L1.2(b)(1)(A)(ii) (providing for a 16-level enhancement for a defendant previously deported after a conviction for a crime of violence).

2

the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, provision for the medical and educational needs of the defendant, the guidelines range, policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Duarte-Cuautle's 37-month sentence -- at the bottom of the applicable guidelines range -- substantively is reasonable. See Talley, 431 F.3d at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). The sentence is well below the 20-year statutory maximum. See 8 U.S.C. § 1326(b)(2); United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006) (concluding that a 28-month sentence was reasonable because, among other things, the sentence was "appreciably below the length of the [180-month] statutory maximum").

In addition, the district court explained that a guidelines sentence was warranted in Duarte-Cuautle's case because he repeatedly had broken United States immigration law and needed to be deterred from future violations. The district court also noted that Duarte-Cuautle's criminal and immigration histories showed a lack of respect for the law. And the record reflects that Duarte-Cuautle earlier had been deported after a 1999 robbery conviction and again deported in

3

2007. Thus, the district court's reasons for the sentence are supported by the record and the section 3553(a) factors; and we see no abuse of discretion in imposing a guidelines sentence.

Duarte-Cuautle argues that his 10-year-old robbery conviction unreasonably lengthened his sentence. But the guidelines provide specifically for a 16-level enhancement to the base offense level for a defendant who previously was deported after a conviction for a "crime of violence," which includes robbery. U.S.S.G. § 2L1.2(b)(1)(A)(ii); section 2L1.2 comment. (n.1(B)(iii)). And this enhancement applies no matter the age of the conviction. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1314-15 (11th Cir. 2005).

Duarte-Cuautle contends that the robbery conviction formed the bases of the court's sentence; but the district court chiefly relied on his recidivist violation of United States immigration law, and not the robbery conviction, in fashioning the sentence. We cannot say then, as Duarte-Cuautle contends, that the court placed too much weight on the guidelines range. United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (explaining that, unjustified reliance on any one section 3553(a) factor may indicate an unreasonable sentence, but that the decision on how to weigh the factors is within the district court's discretion).

The district court abused no discretion in imposing a guidelines sentence;

and Duarte-Cuautle has not carried his burden of showing that his sentence is unreasonable.  See Talley, 431 F.3d at 788.

AFFIRMED.